IN THE MATTER OF THE PROCEEDINGS TO OBTAIN
- JUDGMENT FOR DELINQUENT REAL ESTATE
TAXES FOR THE YEAR 1920.

ARCADE INVESTMENT COMPANY, OBJECTOR AND
RESPONDENT.[1]

April 20, 1923.

No. 23,442.

Assessed valuation of real property excessive—order for deduction correct.

In proceedings to enforce the payment of delinquent real estate taxes for the year 1920 in Ramsey county, the Arcade Investment Company and another answered alleging the valuation upon which the property was assessed was greatly in excess of its actual value. The matter was heard by Haupt, J., who made findings and ordered judgment·as stated in the second paragraph of the opinion. From an order denying its motion for a new trial, Sanborn, J., the state appealed. Affirmed.

*Richard D. O'Brien,* County Attorney, *Harry H. Peterson,* Assistant County Attorney, *Carlton F. McNally,* Corporation Counsel, and *Arthur A. Stewart,* Assistant Corporation Counsel, for appellant.

*Thomas C. Fitzpatrick, William F. Hunt, B. H. Schriber* and *John M. Bradford,* for respondents.

[1]Reported in 193 N. W. 461.

PER CURIAM.

This is a proceeding to enforce payment of delinquent real estate taxes in Ramsey county for the year 1920. The respondent, Arcade Investment Company, interposed an answer alleging that the valuation upon which the tax was based was greatly in excess of the actual value of the property; that the valuation as fixed by the assessor was $798,300, and thereafter the Minnesota Tax Commission increased that valuation seven per cent. Before trial it was stipulated that the actual value of said property was $726,990, leaving an excess valuation of $127,191.

The landowner appealed to the board of abatement and while that appeal was pending, paid the first half of the tax. It is contended that such payment was voluntary and therefore no reduction on account of an overvaluation can ever be had against that part of the tax. The claim being that the only remedy which the taxpayer has in this proceeding, is to have the amount of the excess tax determined, and to have one-half of such excess deducted from the portion of the tax remaining unpaid, and that no reduction can be made on account of the first half of the excess tax, it having been voluntarily paid. When the trial court made its findings in this proceeding, the landowner immediately paid the last half of the tax, as reduced by the court. In its findings the court found the actual value of the property to be as stipulated, and reduced the assessed valuation to 40 per cent of that amount, and ordered judgment accordingly for the tax of 1920, without interest, penalty or costs, less the amount paid for the first half of the tax. In its order for judgment the trial court was right. See opinion in re appeal of Joseph Stronge, et al. supra page 258.